**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2596-24

SHERRY SINGH and
SURINDER SINGH,

     Plaintiffs-Appellants,

v.

BORGATA HOTEL CASINO &
SPA and MARINA DISTRICT
DEVELOPMENT COMPANY, LLC,

     Defendants-Respondents,

and

MGM RESORTS INTERNATIONAL,

     Defendant.

_____

     Argued May 5, 2026 – Decided August 4, 2026

     Before Judges Sumners and Chase.

     On appeal from the Superior Court of New Jersey, Law
     Division, Essex County, Docket No. L-2147-22.

Richard D. Picini argued the cause for appellants (Caruso Smith Picini, PC, attorneys; Richard D. Picini, of counsel and on the briefs).

Jennifer B. Barr argued the cause for respondents (Cooper Levenson, PA, attorneys; Jennifer B. Barr and Samantha T. Carmody, on the brief).

PER CURIAM

Plaintiffs Sherry Singh and Surinder Singh sued defendants Borgata Hotel Casino & Spa, MGM Resorts International and Marina District Development Company (collectively Borgata), attributing the cause of Sherry's[1] slip and fall to their negligent maintenance of a leaking toilet in plaintiffs' hotel room.

The motion court granted Borgata's summary judgment motion, finding that plaintiffs failed to provide expert testimony establishing the standard of care for maintaining toilets in their 700-room hotel and how Borgata breached the standard. For the same reasons, the court denied plaintiffs' cross-motion for partial summary judgment for liability only, rejecting the argument that Borgata violated the standard of care set forth in administrative regulations arising from the Hotel and Multiple Dwelling Law (the Act), N.J.S.A. 55:13A-1 to -31,

---

[1] Because plaintiffs share the same last name, we refer to them by their first name for clarity. We mean no disrespect.

requiring that hotel room toilets to be functional at all times and that premises remain free of hazards. Plaintiffs appeal the motion court's orders. We affirm.

I.

On December 27, 2020, Sherry slipped and fell in the bathroom of one of Borgata's hotel rooms while her husband, Surinder, was gambling at Borgata's casino. They sued Borgata, seeking damages for Sherry's injuries and Surinder's per quo claims.

Sherry deposed that after entering the hotel room she put her suitcase down, took off her shoes and entered the bathroom. The toilet had its own separate door, to its right was a "stand-up shower," and to the left of the toilet room was a double sink and towel rack. She stated that she first walked to pick up a towel near the sink and did not feel water on the ceramic tiled floor, then walked towards the toilet room and when she opened the room's door, she felt water on the floor as she walked in. When she tried to "look down and turn around," she fell.

Borgata's "incident report and maintenance log indicate that . . . [the accident] was recorded and responded to by Borgata security and facilities at approximately 1:00 a.m." Borgata's policy provides "that when [h]ousekeeping prepares [a] room for its customers to check into, [housekeeping is] required to

3

report any issues they may come across, including maintenance issues." The guestroom was last rented six days before Sherry's accident. The maintenance log shows no reported issues with the toilet in plaintiffs' room prior to Sherry's accident. Borgata's service order log states the leak was from the "water feed hose" found "under [the] toilet tank," which provides water to the tank from a pipe in the wall. Prior to the accident, Borgata conducted a preventative maintenance program where a general maintenance department team inspected unoccupied guest rooms on a schedule to make sure that things were in working order for the guests. However, the program was not in effect when plaintiffs rented their room. Due to Covid-19, New Jersey casinos and their hotels were closed earlier in 2020 but had reopened with a limited percentage of guest rooms available to rent at the time of plaintiffs' visit. The preventative maintenance program had not been reinstated until 2021, after Sherry's accident.

After discovery, Borgata moved for summary judgment dismissal of the lawsuit, and plaintiffs cross-moved for partial summary judgment for liability only. The motion court granted Borgata's motion and denied plaintiffs' cross-motion, finding they failed to establish a hotel industry standard of care for "ensuring that [its] rooms are put in proper condition," and did not "establish

4

. . . what [Borgata] did with respect to ensuring the condition of the room was unreasonable or violated some duty."  The court reasoned that

> plaintiffs' counsel . . . says well, it was six days in between the prior occupant and . . . plaintiff[s'] [room rental], making up the room is not enough.  But who is going to provide the jury with a basis to say what . . . [Borgata] did was not enough?  And not in the sense that water on a ceramic floor is slippery and it may or may not . . . need an expert for that.

As to plaintiffs' cross-motion argument that Borgata was negligent for violating State administrative regulations, N.J.A.C. 5:10-6.1[2] and N.J.A.C. 5:10-21.1(e),[3] the court found that "assuming [the regulations] [did] apply for present purposes," plaintiffs did not provide an "evidentiary basis to say what . . . the responsibilities [are] and how . . . those [were] breached."  The court determined plaintiffs' reliance on Terrey v. Sheridan Gardens, Inc., 163 N.J. Super. 404, 406 (App. Div. 1978), was misplaced.  The court distinguished Sherry's fall from the accident in Terrey, where the plaintiff fell on steps covered with wet leaves.  163 N.J. Super. at 406.  There, the state regulations required the defendant to provide

---

[2]  N.J.A.C. 5:10-6.1 provides:  "The owner of any hotel or multiple dwelling shall be responsible at all times for keeping all parts of the premises occupied by himself or other persons . . . clean and free of infestation and hazards to the health or safety of occupants . . . ."

[3]  N.J.A.C. 5:10-21.1(e) provides:  "Every toilet . . . shall be maintained in good operating condition at all times . . . ."

A-2596-24

daily care for all common areas. Id. at 409. We thus held that flattened wet leaves on a step provided a reasonable inference for a jury to find that the leaves had been on the steps for at least a day and to conclude that the defendant had breached their duty. Id. at 409–10. In contrast, the motion court found that plaintiffs presented no standard of care by which a jury could determine whether Borgata had breached their duty. This appeal followed.

## II.

We review a motion court's summary judgment decision de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024). Applying the same standard as the motion court, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). No "'special deference'" is accorded to the "'[motion] court's interpretation of the law and the legal consequences that flow from established facts.'" Cherokee LCP Land, LLC v.

6

City of Linden Plan. Bd., 234 N.J. 403, 414–15 (2018) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

III.

A.

Applying these review principles, we now discuss the substance of this appeal. "To sustain a cause of action for negligence, a plaintiff must establish: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Funtown Pier Amusements, Inc. v. Biscayne Ice Cream and Asundries, Inc., 477 N.J. Super. 499, 512 (App. Div. 2024) (quoting T.B. v. Novia, 472 N.J. Super. 80, 94 (App. Div. 2022)). "[W]hether a defendant owes a legal duty to another and the scope of that duty are generally questions of law for the court to decide." Robinson v. Vivirito, 217 N.J. 199, 208 (2014).

The plaintiff's burden must be sustained by proof of circumstances allowing a legitimate inference that the defendant failed to exercise due care. Vander Groef v. Great Atl. & Pac. Tea Co., 32 N.J. Super. 365, 370 (App. Div. 1954). "[W]hether the duty was breached is a question of fact" to be determined by the jury. Jerkins ex. rel. Jerkins v. Anderson, 191 N.J. 285, 305 (2007). "An inference can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." Long v. Landy,

A-2596-24

35 N.J. 44, 54 (1961). "'[T]he evidence must be such as to justify an inference of <u>probability</u> as distinguished from the mere possibility of negligence on the part of the defendant.'" <u>Malin v. Union Carbide Corp.</u>, 219 N.J. Super. 428, 439 (App. Div. 1987) (quoting <u>Callahan v. Nat'l Lead Co.</u>, 4 N.J. 150, 154–55 (1950)).

"'[A] proprietor's duty to [their] invitee is one of due care under all the circumstances.'" <u>Prioleau v. Kentucky Fried Chicken, Inc.</u>, 223 N.J. 245, 257 (2015) (quoting <u>Bozza v. Vornado, Inc.</u>, 42 N.J. 355, 359 (1964)). This "includes an affirmative duty to inspect the premises and 'requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.'" <u>Troupe v. Burlington Coat Factory Warehouse Corp.</u>, 443 N.J. Super. 596, 601 (App. Div. 2016) (quoting <u>Nisivoccia v. Glass Gardens, Inc.</u>, 175 N.J. 559, 563 (2003)). However, "an invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" <u>Prioleau</u>, 223 N.J. at 257 (quoting <u>Nisivoccia</u>, 175 N.J. at 563). "A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in

knowledge and correction had the defendant been reasonably diligent.'" Troupe, 443 N.J. Super. at 602 (quoting Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957)).

B.

The motion court's summary judgment rulings were based primarily on finding that plaintiffs failed to establish Borgata's standard of care with respect to the toilet leak. Plaintiffs, relying on Handleman v. Cox, 39 N.J. 95, 111 (1962), argue that Borgata's "common law duty was to use reasonable care to make the premises safe," including "the duty to make a reasonable inspection[] to discover defective conditions." Plaintiffs contend "that [Borgata] should have an employee enter a room that was vacant for more than a day to make sure there were no hazards present before the room is rented to its guests." They argue the motion court's ruling that they needed an expert to establish the standard of care is contrary to our Supreme Court's recognition in Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014), that a plaintiff is not required to establish a standard of care in most negligent cases. The Davis court held that "when deciding whether expert testimony is necessary, a court properly considers 'whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether

the conduct of the [defendant] was reasonable.'"  219 N.J. at 407 (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)). Plaintiffs aver that the toilet leak issue here is "neither esoteric nor complex" such that a jury would not need an expert's opinion to articulate a standard of care that Borgata violated.  Under the circumstances of this case, we disagree.

The standard for making sure 700 hotel rooms are properly maintained does not "involve facts about which 'a layperson's common knowledge is sufficient to permit a jury to find that the duty of care has been breached without the aid of an expert's opinion.'"  Davis, 219 N.J. at 407 (quoting Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)).  The management of such a large hotel is somewhat esoteric; especially when guest rooms may be vacant for several days.  A juror "would not be expected to have sufficient knowledge or experience" regarding this situation; thus, expert testimony is necessary because the jury "would have to speculate without the aid of expert testimony." Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001).  An expert with knowledge of hotel management standards would be able to opine to what extent its guest rooms need to be inspected to prevent guests from renting rooms that have unsafe conditions.  Therefore, the motion court did not err in finding

10

that plaintiffs should have provided expert testimony to establish the standard of care.

C.

Plaintiffs also contend, as they argued in their cross-motion for partial summary judgment, that expert testimony is not needed, because Borgata violated the standard of care set forth in N.J.A.C. 5:10-6.1 and N.J.A.C. 5:10-21.1 by not making sure all areas of their guest room were free of hazards and the toilets in the room were functional. We disagree.

The motion court dismissed plaintiffs' partial summary judgment motion, finding that N.J.A.C. 5:10-6.1 and -21.1(e) provided "no evidentiary basis to say what are [Borgata's] responsibilities and how were those breached, how is the requirement that those responsibilities be met, not met in this case." Specifically, as to N.J.A.C. 5:10-21.1(e), the court stated there was no expert to say what "the standard of the industry to maintain [toilets] in operating condition, and here's how you inspect when one guest leaves before the next guest comes in and frequency and so forth." However, N.J.A.C. 5:10-6.1 and -21.1(e) have nothing to do with industry standards. It appears that the court was imposing a standard of care requirement onto a simple regulatory violation. There is no dispute that the toilet was not in "good operating condition" as a

11

leaking hose had to be replaced. Similarly, there is no question that water on a tile bathroom floor is a hazard to the health or safety of occupants and violates N.J.A.C. 5:10-6.1's requirement that hotel owners ensure their premises are free from such hazards. An expert is not needed to determine that a broken toilet leaking water on the bathroom floor violated the regulations' plain meaning. See J.H. v. R&M Tagliareni, LLC, 239 N.J. 198, 214 (2019) (quoting Medford Convalescent & Nursing Ctr. v. Div. of Med. Assistance & Health Servs., 218 N.J. Super. 1, 5 (App. Div. 1985)) ("A 'regulation should be construed in accordance with the plain meaning of its language and in a manner that makes sense when read in the context of the entire regulation.'").

While N.J.A.C. 5:10-6.1 and -21.1(e) provide a standard of care insofar as they require all areas to be free of hazards and toilets to always be functional, they do not provide a standard for how often rooms should be inspected for these issues. The Act does provide that "housekeeping" and "interior maintenance" shall be conducted "on a daily basis if a hotel, or weekly basis if a rooming house, but under any circumstances each such unit shall be completely inspected and cleaned where the occupancy thereof is changed." N.J.A.C. 5:10-23.2(a)(2). Further, every "occupied guest room" must be "cleaned and sanitized every day," and there must be a logbook certifying that these requirements have been

A-2596-24

met daily. N.J.A.C. 5:10-23.2(b)(4) and (c). However, these regulations do not set forth inspection requirements of vacant rooms before it is re-rented, which is the gravamen of plaintiffs' contention. Consequently, there is no basis to grant plaintiffs' partial summary judgment for liability due to Borgata's violation of the N.J.A.C. 5:10-6.1 and -21.1(e).

D.

Even accepting plaintiffs' argument that expert testimony was unnecessary and N.J.A.C. 5:10-6.1 and -21.1(e) set forth a standard of care that Borgata breached, the court's orders should remain because plaintiffs did not establish that Borgata had constructive notice of the toilet leak. There is no dispute that Borgata did not have actual notice of the toilet leak.

Plaintiffs argue that notice is not an issue to establish a prima facie case of negligence. They contend Borgata's position that "no liability can attach unless [it] had notice of a defective condition" is inconsistent with the "active duty" the Act and common law imposed on Borgata. They aver that Borgata's "duty to perform reasonable inspections cannot be abrogated by the lack of notice." Plaintiffs reiterate the argument they made before the motion court that a leaking toilet is the same as the leaves in Terrey, which this court constituted as a "patent condition," of which the defendant would have had knowledge of

had they complied with their statutorily mandated daily obligation.  See 163 N.J. Super. at 410.  We reject these contentions as did the motion court.

A property owner's "liability is still governed by negligence principles, and to be found negligent, the [owner] must be shown to have actual or constructive knowledge of the dangerous condition."  Ruiz ex rel. Ruiz v. Kaprelian, 322 N.J. Super. 460, 468 (App. Div. 1999).  Our courts have consistently required evidence of how long a condition has lasted such that a jury could determine whether the defendants had the opportunity to act reasonably and repair the dangerous condition.  For example, in Ratering v. Mele, this court found testimony that the trash and debris on vestibule stairs to the entrance of an inn, which caused the plaintiff's fall, and had increased over the two-and-a-half hour period the plaintiff was at the establishment, "presented an issue for the jury's consideration as to whether the improper condition of the stairs had existed for sufficient time to have been discoverable and remediable." 11 N.J. Super. 211, 214 (App. Div. 1951).  Similarly, in Tua v. Modern Homes, Inc., we concluded evidence that the wax-like substance which caused the plaintiff to slip on the sales floor of a store had "'encrusted' around the edges as to require [an employee] to use an implement to scrape the 'encrusted' substance from the floor surface . . . was sufficient to justify the very inference of the

existence of the offending substance on the floor for a protracted period of time." 64 N.J. Super. 211, 220 (App. Div. 1960). And in Terrey, a statute mandated daily upkeep of common areas and the fact that the leaves were flattened on steps over time provided context for concluding the leaves had been sitting there, thereby imputing constructive notice to the defendant. 163 N.J. Super. at 409–410

In contrast, we concluded that there was not sufficient evidence to provide constructive notice in Grzanka v. Pfeifer, 301 N.J. Super. 563 (App. Div. 1997). There, a traffic signal had stopped working from vandalism to its circuit breakers and a car accident resulted. Id. at 567–68. This court found the City of Paterson did not have constructive notice and affirmed the trial court's granting of summary judgment to the city, in part, because it could not "know whether the vandalism that caused the condition of the signal occurred hours, minutes or seconds before the accident." Id. at 574; see also Carroll v. N.J. Trans., 366 N.J. Super. 380, 388 (App. Div. 2004) (finding there was no constructive notice because "there was no evidence of how long the dog feces[,] [which caused the plaintiff's fall,] was on the steps").

Here, unlike in Terrey, Ratering, and Tua, the dangerous condition was in the bathroom of one of the Borgata's 700 hotel rooms—not in a public area, such

as an entrance, the reception area, or conference room, where it would have been more obvious. As such, it was not readily observable by Borgata. There had been no prior reports of a leak or maintenance requests in the room plaintiffs rented. Contra Ruiz v. Toys R Us, Inc., 269 N.J. Super. 607, 610 (App. Div. 1994) (holding that notice was not an issue because the defendants were aware and had prior complaints of persistent roof leakage problems).

More importantly, plaintiffs have not provided enough evidence to establish how long the condition was present such that a jury could consider whether defendants could have known about it and acted accordingly. As in Grzanka and Carroll, the condition could have occurred hours minutes or seconds before the accident, making constructive notice impossible to ascertain. Thus, even accepting plaintiffs' contention that vacant rooms should be inspected before renting them out, it would be "pure conjecture" or "speculation" that an employee would have discovered the leak, as it could have begun after the inspection—even if the inspection occurred the same day the room was rented to plaintiffs, as there is no indication of the volume of water leaking from the hose. Long, 35 N.J. at 54. It is also speculative to suggest that had Borgata's preventative maintenance program in effect at the time of plaintiffs' rental, the leak would have been discovered.

16

To the extent we have not addressed any of plaintiffs' arguments, it is because they lack sufficient merit to be discussed in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2596-24